# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PATIENT CARE ASSOCIATES LLC a/s/o S.R., <br><br> Plaintiff(s), <br><br> v. <br><br> VERIZON COMMUNICATIONS INC.; ABC CORP. (1-10) (Said names being fictitious and unknown entities), <br><br> Defendant(s), | Civil Action No. 2:12-cv-03750—CCC-JAD <br><br> **CIVIL ACTION** <br><br> **STIPULATION AND CONSENT ORDER** |

IT IS HEREBY STIPULATED BY the parties that Plaintiff, Patient Care Associates, LLC a/s/o S.R. ("PCA") is granted leave to file an Amended Complaint in the form agreed to by counsel for the parties (*See* **Exhibit A** attached hereto).

FURTHER, IT IS HEREBY STIPULATED BY the parties that the Verizon reserves all rights and affirmative defenses with respect to the proposed Amended Complaint.

Respectfully submitted,

By: ___s/ Andrew R. Bronsnick___
Andrew R. Bronsnick, Esq.
MASSOOD & BRONSNICK, LLC
50 Packanack Lake Road East
Wayne, New Jersey 07470
Telephone: (973) 696-1900
*Attorneys for Plaintiff*

By: ___s/ Patrick J. Murphy, III___
Patrick J. Murphy III, Esq.
Connell Foley
85 Livingston Avenue
Roseland, NJ 07068
Telephone: (973) 535-0500
*Attorneys for Defendant*

Massood & Bronsnick, LLC
Attorneys at Law

Dated: February 25, 2013

So ORDERED this ___ day of February, 2013.

_____
Honorable Joseph A. Dickson
United States Magistrate Judge

Bergen County, and venue was properly laid in Bergen County.

4. Verizon maintains a self-funded health insurance plan for its employees and their participating family members.

5. S.R. is a citizen of the United States residing in New Jersey and is a subscriber to a plan of group health insurance issued to employees and their participating family members by Verizon.

6. Plaintiff received a written Assignment of Benefits agreement from S.R., the aforementioned Verizon subscriber, which transferred his contractual and legal rights under the group health policy issued by Verizon to Plaintiff. Thus, Plaintiff has standing to bring a civil action against Verizon. Plaintiffs make specific reference to the Assignment of Benefits as if set forth at length herein. Specifically, Plaintiffs were authorized by to file claims to the insurance carrier, file suit and enter legal actions as part of the signed Assignments of Benefits.

## SUBSTANTIVE ALLEGATIONS

7. Verizon operates, controls and/or administers managed healthcare insurance plans providing health and medical coverage to its members and dependents. At all relevant times, Verizon provided certain members and/or their dependents with "out-of-network" benefits, enabling these individuals to gain access to the physicians (providers) of their choice, rather than limiting access only to "in-plan" physicians as would be true with a health maintenance organization plan.

8. Specifically, in this case, the Plaintiff provided the treating doctors and facility, a high-level ambulatory surgery center, for the medical procedures administered to

Massood & Bronsnick, LLC
Attorneys at Law

S.R. It is not disputed that all of the surgical procedures performed were "medically necessary" and were approved by Verizon.

9. The usual and customary fee, often referred to as the "reasonable and customary" fee, is defined, or is reasonably interpreted to mean, the amount that providers, like the Plaintiffs, normally charge to their patients in the free market, i.e. without an agreement with an insurance company to reduce such a charge in exchange for obtaining access to the insurance company's subscribers. Moreover, the UCR fee means the usual charge for a particular service by providers in the same geographic area with similar training and experience.

10. In each instance, prior to Plaintiff rendering services, Verizon agreed to directly compensate Plaintiff their UCR fee for the services provided. Consequently in each instance, Plaintiff reasonably believed and relied upon Verizon's express or implied representations that Plaintiff would be paid the UCR fee and it was on that basis, Plaintiff agreed to render the services.

11. Plaintiff submitted a bill to Defendant, Verizon, based on the reasonable and customary charges for its services, in the amount of $149,145.00 for date of service 5/10/11. Verizon approved a total allowed amount of $28,668.95 and issued payment to Plaintiff in the amount of $28,668.95. Verizon issued an Explanation of Benefits ("EOB") indicating that S.R. was responsible for $120,476.05 and that the remaining balance of $120,476.05 was not allowed. However, the portion designated by Verizon as "patient's responsibility" and "remaining balance" are in dispute since Plaintiff challenges the reasonable and customary charge ("UCR") allowed by Verizon for the subject date of service.

Massood & Bronsnick, LLC
Attorneys at Law

12. Based upon the foregoing, Plaintiff hereby demands payment in the amount of $120,476.05.

13. Plaintiff submitted appeals for reconsideration of the claim, and for further payment. Defendant failed to provide an appropriate response to the appeal, because they failed to provide a copy of the Summary Plan Description in a timely manner, they failed to give a detailed explanation as to how they determined the approved amount for payment on the dates of service at issue, and they failed to properly process the claims for payment. Furthermore, Defendant failed to properly advise Plaintiff about the appeal process and therefore, Defendant did not properly consider payment on appeal.

14. Defendant has not issued any further payments to Plaintiff.

15. By and through this lawsuit, Plaintiff now seeks damages, due to Defendant's actions that have resulted in Plaintiff not receiving payment for the significant medical services rendered.

### FIRST COUNT
### (Violation of ERISA)

16. Patient Care repeats and re-alleges all prior allegations as though fully set forth herein.

17. This Count arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq.

18. The Patients' plans, under which Patients are entitled to health insurance coverage under ERISA, are administered and operated by Verizon and/or Verizon's designated third-party administrator and/or agent under ERISA.

Massood & Bronsnick, LLC
Attorneys at Law

19. Verizon is the administrator and fiduciary in relation to the matters set forth herein because, *inter alia*, they exercise discretionary authority and/or discretionary control with respect to management of the plans under which Patients are entitled to benefits as assigned to Plaintiff.

20. Verizon is a fiduciary in relation to the matters set forth herein, by virtue of its exercise of authority and/or control and/or function control respecting the management and disposition of assets of the plans and/or by exercising discretionary authority and/or discretionary responsibility and/or functional authority in the administration of the Patients' plans.

21. Verizon's fiduciary functions include, *inter alia*, preparation and submission of explanation of benefits, determinations as to claims for benefits and coverage decisions, oral and written communications with Plaintiff concerning benefits to Patients under the plans, and coverage, handling, management, review, decision-making and disposition of appeals and grievances under the Patients' plans.

22. Patient Care received assignment of benefits from S.R. which had "out of network" benefits for surgery under his plan or insurance agreement with or administered by Verizon through which S.R. assigned to Patient Care, *inter alia*, the individual Patients' right to receive payment directly from Verizon for the services that the patient received from Patient Care.

23. The Assignment of Benefits that Patient Care received from S.R. confers upon Patient Care's status of "beneficiary" under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B) and § 1102(8) et seq.

24. As a beneficiary under § 502 (a) of ERISA, 29 USC § 1132(a)(1)(B), Patient Care

Massood & Bronsnick, LLC
Attorneys at Law

is entitled to recover benefits due (and/or other benefits due to the Patient), and to enforce the rights of the Patient (and/or the rights of the Patient) under ERISA law and/or the terms of the applicable plans/policies.

25. Patient Care has sought payment of benefits under the applicable Patients' plans and Verizon has refused to make payment to Patient Care for the medical services rendered to the S.R..

26. The denial of S.R.' claims are unsupported by substantial evidence, erroneous as a matter of law, not made in good faith, is arbitrary and capricious and is in violation of ERISA.

27. The form and basis of the denial of the S.R.' claims are insufficient and not in compliance with ERISA.

28. Patient Care is entitled to recover the reasonable attorneys' fees and costs of action pursuant to 29 USC § 1132(g), et seq. and other provisions of ERISA, as applicable.

29. There is no basis for the claims not being paid when the reasonable and customary charge is the standard.

WHEREFORE, Plaintiffs request judgment against Defendant for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

Massood & Bronsnick, LLC
Attorneys at Law

## SECOND COUNT
### (ERISA-Breach of Fiduciary Duty)

30. Patient Care repeats and re-alleges all prior allegations as though fully set forth herein.

31. Verizon has an obligation to supply all documents used in making any claims determination.

32. Verizon has an obligation to explain its determination regarding the denial of claims.

33. Verizon has a duty to provide Patient Care a full and fair hearing on the claims determination.

34. Verizon is a fiduciary under ERISA.

35. Verizon's determinations of all claims without any (or even substantial) explanation were arbitrary and capricious as well as being in violation of ERISA.

36. Verizon violated its fiduciary duty to the S.R. and Patient Care as assignee of S.R.

WHEREFORE, Plaintiffs requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## THIRD COUNT
### (Negligent Misrepresentation)

37. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

38. Despite its confirmation of benefits for medically necessary services prior to MSC's rendering of the services, Defendants negligently refused to pay the subject claims appropriately. Because of Defendants' negligent misrepresentation, MSC was paid less than the reasonable and customary rates.

39. Defendants' negligent misrepresentation of medical coverage for services rendered at a reasonable and customary payment was unknown to Patient Care at the time it agreed to perform the medical services for the subscribers and/or their dependents. Plaintiff reasonably expected and relied upon what it believed to be Defendants' honest representations that the Plaintiff would be properly compensated in accordance with the medical coverage plan presented prior to the medical services being performed.

40. Defendants provided responses to Plaintiff's request for payment and in response to Plaintiff's appeals for payment. However, Defendants negligently misrepresented information in responding to the claims and appeals to Plaintiff's detriment. Furthermore, Defendants failed to provide a response regarding the appropriate method and/or process to submit claims for payment and appeals.

41. Patient Care's reliance on these representations was to its substantial detriment and as a result the Plaintiff suffered significant monetary damages.

42. By virtue of the foregoing, Defendants have committed negligent misrepresentation.

43. Patient Care has suffered significant damages as a result.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

### FOURTH COUNT

44. Plaintiff repeats and re-alleges all prior allegations as though fully set forth herein.

45. On or about the aforementioned dates and place, Defendants, ABC Corporations 1 through 10, were parties responsible for the payments of Plaintiff's reasonable and customary fees.

WHEREFORE, Plaintiff requests judgment against Defendants for:

a) Compensatory damages;

b) Interest;

c) Costs of suit;

d) Attorney's fees; and

e) Such other relief as the Court deems equitable and just.

## DESIGNATION OF TRIAL COUNSEL

The undersigned hereby designates Andrew R. Bronsnick, Esq. as trial counsel for the within matter.

                    MASSOOD & BRONSNICK, LLC
                    Attorneys for Plaintiff

                    */s/ Andrew R. Bronsnick*
BY: _____
                    ANDREW R. BRONSNICK, ESQ.

Dated: February 25, 2013

## JURY DEMAND

The undersigned hereby demands a trial by jury as to all issues.

                    MASSOOD & BRONSNICK, LLC
                    Attorneys for Plaintiff

                    */s/ Andrew R. Bronsnick*
BY: _____
                    ANDREW R. BRONSNICK, ESQ.

Dated: February 25, 2013

w:\wp51\majormed\patient care associates, llc\roberts\pleadings\amended complaint.doc